# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## Case No. 5:17-CV-00066-RJC-DSC

| | |
|---|---|
| VENSON M. SHAW and STEVEN M. SHAW, | |
| **Plaintiffs,** | |
| v. | **MEMORANDUM AND ORDER** |
| APPLE, INC., | |
| **Defendant.** | |

**THIS MATTER** is before the Court on "Defendant Apple Inc.'s Motion to Transfer to the Northern District of California" (document #46), as well as the parties' associated briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration. Having fully considered the arguments, the record, and the applicable authority, the Court grants Defendant's Motion as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Venson M. Shaw and Steven M. Shaw allege that Defendant Apple, Inc. infringed their patent ("the '241 patent"). The accused products are those "incorporating CCD [Charge-Coupled Device] and/or CMOS [Complementary Metal-Oxide-Semiconductor] imaging sensors," including iPhone models, iPod Nano, iPod Touch, iMac models with iSight or Facetime cameras, MacBook and MacBook Air models with iSight or Facetime cameras, and iPad models with front and/or rear cameras (collectively, "the accused products"). Plaintiffs initially alleged infringement by certain Sony products, but have now voluntarily dismissed the Sony Defendants. See documents ## 12, 21 and 57.

Defendant has moved pursuant to 28 U.S.C. § 1404(a) to transfer this matter to the United States District Court for the Northern District of California for the convenience of the parties and witnesses and in the interests of justice. In support of its Motion, Defendant credibly states that all research, design, and development of the accused products took place at or near its headquarters in the Northern District of California. Defendant's witnesses and all business records relating to the research, design, development, marketing and sales of the accused products are also located there. Relevant evidence in the possession of third parties is located in the Northern District of California and Colorado, but not in North Carolina.

It is undisputed that Plaintiffs have no ties to North Carolina. Plaintiffs Venson M. Shaw and Steven M. Shaw reside in Kirkland, Washington and Leonia, New Jersey respectively. Plaintiffs do not allege that they have any relevant evidence in this District. Nor do they allege that they have developed, marketed, or otherwise licensed any products claimed by the '241 patent here.

In their brief in opposition, Plaintiffs state that they selected this venue "purposefully … for counsel licensure and for proper venue based on [the presence in this District of] multiple [Apple] stores and a data center." Document #59 at 10. In essence, Plaintiffs chose this forum because their attorney is licensed here. Plaintiffs also argue that they may retain expert witnesses here.

Defendant's Motion to Transfer Venue has been fully briefed and is ripe for determination.

## II. <u>DISCUSSION</u>

Under 28 U.S.C. § 1404(a), a district court may "[f]or the convenience of parties and witnesses, in the interest of justice, ... transfer any civil action to any other district or division where it might have been brought." The question of transfer under section 1404(a) is committed

to the sound discretion of the district court. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir.1991).

The Court must first determine whether the case could have been brought in the transferee district. Venue is proper in a patent infringement action "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Venue is proper in the Northern District of California under 28 U.S.C. § 1400(b) because Defendant's headquarters is located there and the sensors which are the subject of this infringement action were designed there.

If venue in the transferee court is proper, as it is here, the Court must then consider the following factors in deciding whether the matter should be transferred:

> (1) the plaintiff's initial choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of a judgment, if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of unnecessary problems with conflict of laws.

Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 239 (W.D.N.C. 2008). See also Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F. Supp. 93 (W.D.N.C. 1990). In this case, Defendant has "the burden of persuasion and must show (1) more than a bare balance of convenience in [its] favor and (2) that a transfer does more than merely shift the inconvenience." Datasouth Computer Corp. v. Three Dimensional Tech., Inc., 719 F.Supp. 446, 451 (W.D.N.C. 1989). Courts should make both a quantitative and a qualitative analysis of the factors. McDevitt & Street Co. v. Fidelity and Deposit Co., 737 F.Supp. 351, 354 (W.D.N.C.1990).

**A. Plaintiffs' Choice of Forum**

Plaintiff's choice of forum is given considerable weight and, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir.1984) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1946)). See Brown v. Flowers, 297 F.Supp.2d 846, 850 (M.D.N.C.2003) (citing Collins), aff'd, 196 Fed.Appx 178 (4th Cir.2006). Defendant carries a particularly heavy burden when it moves pursuant to Section 1404(a) to transfer an action from a district where venue is proper. Borgwarner, Inc. v. Honeywell Intern., Inc., No. 1:07cv184, 2008 WL 394991, at *3 (W.D.N.C. February 11, 2008). As this Court has previously noted, it is "black letter law," that "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice ... should not be lightly disturbed." Phillips v. S. Gumpert Co., Inc., 627 F.Supp. 725, 726-27 (W.D.N.C.1986) (citations omitted). See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981).

In this case, Plaintiffs have no connection to this forum other than their counsel. North Carolina is neither Plaintiffs' home forum nor the place where the operative events occurred. No fact witnesses or evidence are located here. This Court need not "stand as a willing repository for cases which have no real nexus to this district." Windy City Innovations, LLC v. Microsoft Corp., No. 1:15-CV-00103-GCM, 2016 WL 1048069, at *4 (W.D.N.C. Mar. 16, 2016). Transfer will generally be granted "where this district 'is neither the plaintiff's residence, nor the place where the operative events occurred.'" Id. at *2 (quoting Husqvarna AB v. Toro Co., No. 3:14-CV-103-RJC-DCK, 2015 WL 3908403, at *2 (W.D.N.C. June 25, 2015)).

The Fourth Circuit has held that the location of counsel is not a permissible consideration in the transfer analysis. In re Ralston Purina Co., 726 F.2d 1002, 1005 (4th Cir. 1984). See also

Blevins v. Pension Plan for Roanoke Plant Hourly Employees, No. 6:10-cv-03261-JMC, 2011 WL 2670590, at *8 (D.S.C. July 8, 2011).

The Fourth Circuit has also held that the convenience of paid expert witnesses carries no weight in the transfer analysis. In re Ralston Purina Co., 726 F.2d at 1006 n.6; see, e.g., Weishaupt v. Boston College, No. 1:11-cv-1122, 2012 WL 1439030, at *4 (M.D.N.C. Apr. 24, 2012) (disregarding the convenience of expert witnesses); NanoEntek, Inc. v. Bio-Rad Labs., Inc., No. 2:11CV427, 2011 WL 6023189, at *6 (E.D. Va. Dec. 2, 2011) (same).

Applying these legal principles, the Court finds that the Plaintiffs' choice of forum is entitled to little weight.

**B. The Residence of the Parties**

Plaintiffs are residents of Washington and New Jersey and have no connection to North Carolina. Defendant is a resident of the Northern District of California. This factor favors transfer.

**C. The Relative Ease of Access to Proof**

The Court finds that the bulk of the evidence is located in the Northern District of California. Other evidence is located in Colorado and elsewhere. There is no evidence in North Carolina. This factor favors transfer. The evidence most germane to this matter is in the Northern District of California.

**D. The Availability of Compulsory Process for Attendance of Witnesses and the Costs of Obtaining Attendance of Willing Witnesses**

Most of Defendant's witnesses are employees located in the Northern District of California. There are also third party witnesses located in the Northern District of California who will be subject to process there. Defendant has shown that it will incur substantial costs if its witnesses must travel to this District. Plaintiffs will incur travel expenses and other inconveniences whether

this case proceeds in North Carolina or California. Plaintiffs have not shown that this District is a more convenient venue for their fact witnesses. This factor favors transfer.

### E. Other Practical Problems That Make a Trial Easy, Expeditious, and Inexpensive

Although Plaintiffs and some witnesses will have to travel regardless of the forum, as a whole, trial in the Northern District of California will be less expensive. This factor favors transfer.

### F. The Administrative Difficulties of Court Congestion

Considerations involving court congestion also favor transfer. The Northern District of California has more than thirty-four active judges, compared to nine in this District. The average time to trial for patent cases in the Northern District of California is 33.5 months, compared to 43.7 months in this District. (Ex. B-14 (LegalMetrics Report-WDNC), at 2, 15, 17 & 21; Ex. B-15 (LegalMetrics Report-NDCA), at 2, 21, 26 & 46).)

### G. The Interest in having Localized Controversies Settled at Home and the Appropriateness in having the Trial of a Diversity Case in a Forum that is at Home with the State Law that must Govern the Action

This matter has no connection to this District. "By contrast, the Northern District of California has a strong local interest in the technology community that has long resided there." Windy City Innovations v. Facebook, 2016 U.S. Dist. LEXIS 33910, at *11-*12 (granting transfer to the Northern District of California); Windy City Innovations v. Microsoft, 2016 U.S. Dist. LEXIS 33913, at *12 (same). Apple is a prominent member of that technology community. This factor favors transfer.

### H. Remaining Factors

The remaining factors—the possibility of a jury view, relative advantages and obstacles to a fair trial, enforceability of a judgment, and avoiding unnecessary conflict-of-law problems—are neutral.

Having considered all of the factors individually, the Court also considers these factors cumulatively. Both quantitatively and qualitatively, these factors weigh in favor of transfer. While Plaintiffs chose this forum, they did so largely for the convenience of their counsel, which is not a consideration. In re Ralston Purina Co., 726 F.2d at 1005.

Accordingly, the Court concludes that the interests of justice and convenience warrant granting Defendant's Motion to Transfer Venue under Section 1404(a).

### III. ORDER

**NOW IT IS THEREFORE ORDERED that**:

1. "Defendant Apple Inc.'s Motion to Transfer to the Northern District of California" (document #46) is **GRANTED**.

2. The Clerk is directed to hold the file in this case until fourteen days after service of this Memorandum and Order when the parties' right of appeal to the Honorable Robert J. Conrad, Jr. expires. If no party appeals this Order, then the Clerk is directed to transfer this case to the United States District Court for the Northern District of California.

3. The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: January 12, 2018

David S. Cayer
United States Magistrate Judge